UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| ) | |
| EUGENE A. SHY ) | CASE NO. 14-11216(1)(7) |
| ) | |
| Debtor ) | |

**MEMORANDUM-OPINION**

This matter is before the Court on a Motion to Amend Order Granting Debtor's Motion to Avoid Judicial Lien filed by Creditor, New Falls Corporation ("New Falls"). The Court considered New Fall's Motion, the Response of the Debtor, Eugene A. Shy ("Debtor"), the Reply to the Response filed by New Falls and the comments of counsel for the parties at the hearing held on the matter. For the following reasons, the Court will **GRANT** New Falls' Motion to Amend the Order Granting Debtor's Motion to Avoid Judicial Lien.

**PROCEDURAL AND FACTUAL BACKGROUND**

On November 24, 2014, Debtor filed a Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code. Debtor was represented by attorney Harlan Judd, the same attorney who currently represents the Debtor.

The Debtor's Statement of Financial Affairs indicated that Debtor was a named Defendant in a collection proceeding filed against him by New Falls Corporation, Case No. 07-CI-1814 in the Warren Circuit Court and that the status of the case was "post judgment."

On Schedule C - Property Claimed as Exempt, Debtor listed his home located at 2444 Mohawk Drive, Bowling Green, Kentucky ("the Property") and claimed a $5,000 exemption pursuant to Ky. Rev. Stat. Ann. § 427.060. The value of the real estate was listed as $94,000.

On Schedule D - Creditors Holding Secured Claims, Debtor listed Wells Fargo as holding the first mortgage on the Property in the amount of $76,176. Service One Credit Union was listed as holding a second mortgage on the Property in the amount of $10,453.

On Schedule F - Creditors Holding Unsecured Non-Priority Claims, Debtor listed New Falls with a $32,000 claim for a 2000 Toyota Forerunner.

On December 8, 2014, New Falls filed a Proof of Claim in the amount of $19,748.98 for "Money Loaned/Judgment." The Proof of Claim contained a copy of a Judgment obtained by New Falls against the Debtor dated March 10, 2008 entered by the Warren Circuit Court in a collection case filed by New Falls against Debtor. The Judgment indicates it was served on Debtor at the Property. Debtor's last payment was made to New Falls on September 11, 2012 in the amount of $1,359.99.

On March 11, 2015, the Order of Discharge was entered.

On September 2, 2015, following the Chapter 7 Trustee's Report of No Distribution, the case was closed.

On June 27, 2019, Debtor filed a Motion to Reopen the Case for the Limited Purpose of Avoiding Certain Judicial Liens. The Motion alleged that Debtor had no knowledge that New Falls had filed a judicial lien impairing an interest in his homestead and that Debtor's homestead "was subject to the Federal Homestead Exemption." The Motion also stated that attached to the Motion was a copy of Debtor's Proposed Amended Schedules "D" and "E", seeking to avoid New Falls' lien

-2-

pursuant to 11 U.S.C. § 522(f)(1)(A), as impairing the Debtor's Homestead Exemption. The Motion itself contained a statement indicating that any objections to the Motion had to be filed within 14 days of the Certificate of Service date. However, the Certificate of Service on the Motion stated it was served only on the Chapter 7 Trustee and the United States Trustee.

On June 28, 2019, a Notice of Electronic Filing was docketed at Dkt. No. 21 indicating that the Court had ordered the reopening of the case for the purpose of filing a Motion to Avoid Liens and noting that the reopening fee had been paid. It also stated that documents related to the reopening of the case had not been filed concurrently with the Motion to Reopen and set a deadline of 30 days to complete the filing of the documents related to the reopening.

On July 26, 2019, Debtor filed a Motion to Avoid the Judicial Lien of New Falls which had been filed on the Property in 2008. The Motion stated the judicial lien of New Falls impaired an exemption of the Debtor pursuant to 11 U.S.C. § 522(f) and in accordance with Local Form I stated that any objections had to be filed within 14 days of the Certificate of Service date. The Certificate of Service indicates the Motion was served on both Trustees, New Falls at its corporate office and the attorney who represented New Falls during the Chapter 7 bankruptcy. Docket Entry No. 22 indicates that "Objections to Pleading due 08/9/2019." However, this Court did not enter an order specifying time for objections that the Bankruptcy Noticing Center served on creditors.

On July 29, 2019, the Clerk's office issued a Notice of Deficiency regarding the Debtor's Motion to Avoid Lien because it failed to include a legal description of the property on the Proposed Order. The Notice from the Clerk's office required compliance by October 8, 2019.

On August 5, 2019, Debtor filed a Proposed Order containing a legal description of the Property. The Proposed Order requested the Clerk of Court to serve the same individuals listed in

the July 26, 2019 Motion to Avoid Lien. The Clerk's office did not send out a notice of a deadline for objections and no objections were filed.

For decades, this Court has followed policy whereby in reopened cases, the Clerk's office automatically sets all Motions to Avoid Liens for hearing. While avoidance of judgment liens is a routine maneuver in Chapter 7 proceedings, the closing of the case and subsequent reopening often results in affected parties receiving less than reasonable notice of the motion. This Court's normal procedure was not followed in this case.

On August 12, 2019, the Court signed and entered the Debtor's Proposed Order granting the Motion to Avoid Lien and the case was closed.

On August 22, 2019, New Falls filed a Motion to Reopen the case for the limited purpose of filing a Motion pursuant to Fed. R. Bankr. P. 9024 relating to the Order granting the Motion to Avoid Lien entered on August 12, 2019, and a response in opposition to the Debtor's Motion to Avoid its Judicial Lien.

On August 23, 2019, the Court entered an Order granting New Falls' Motion to Reopen the case.

On August 25, 2019, the Clerk's office issued a Notice to the Debtor and All Parties-In-Interest regarding the Order Granting Motion to Reopen and a "Miscellaneous Deadline" of September 23, 2019. The Bankruptcy Noticing Center sent electronic notice to the United States Trustee, the Chapter 13 Trustee, the attorney representing New Falls, the attorney representing the Debtors and another attorney representing another creditor.

On September 23, 2019, New Falls filed its Motion to Amend the Order Granting Debtor's Motion to Avoid its Judicial Lien Pursuant to Fed. R. Bankr. P. 9024 and a Response to the Debtor's Motion to Avoid Lien.

## **LEGAL ANALYSIS**

Rule 9024 of the Federal Rules of Bankruptcy Procedure provides for relief from a judgment or order and incorporates Fed. R. Civ. P. 60 which provides such relief on the basis of a mistake, inadvertence, surprise or excusable neglect. The procedural facts as outlined above, establish that the Order granting Debtor's Motion to Avoid New Falls Lien should be vacated and New Falls should be provided with an opportunity to respond to the Debtor's Motion to Avoid the Lien.

It is well settled that an elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Mullane v. Center Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950). In this case, New Falls was given no notice whatsoever that the Debtor had filed a Motion to Reopen the case for the purpose of avoiding its judicial lien on the Property. Furthermore, the Clerk's office did not issue notice of a deadline for objections to the Motion to Avoid the Lien, nor did it set the matter for hearing according to established practice. The Court then signed the proposed Order tendered by Debtor seven (7) days later. Thus, the Order granting the Motion to Avoid Lien was granted before New Falls had an adequate amount of time to object to the Motion.

Both New Falls and the Debtor raised arguments at the recent hearing regarding the avoidability of New Falls lien. For purposes of the matter before the Court, there is no need for the Court to decide that issue now.

A Motion to Avoid a Lien pursuant to 11 U.S.C. § 522 is a contested matter. As a contested matter, Fed. R. Bankr. R. 9014 applies and provides that the motion shall be served in the manner provided for service of a summons and complaint by Bankruptcy Rule 7004 and within the time determined under Bankruptcy Rule 9006(d). The Rule specifically provides that there must be reasonable notice and opportunity for hearing to be afforded the party against whom the relief is sought. That was not done in this case.

Debtor contends that because his Motion to Avoid Lien specifically stated that any objections had to be filed within 14 days, New Falls had to comply and file its objection within this 14 day time period. The language relating to the 14 day period for objections was obtained by Debtor from Form I contained in the Court's Administrative Manual.

This argument is outweighed by the prejudice to New Falls. Bankruptcy Rule 2002 governs notice to creditors but does not set a specific time frame for objections to motions to avoid liens (which typically applies to cases that have not been closed). It is for this reason that despite the language in Form I, it is the practice in this district for the Clerk's office to automatically set Motions to Avoid Liens for a hearing by the Bankruptcy Noticing Center. The inherent prejudice to affected creditors from a case closing and later reopening, is the reason the Court sets all such motions for hearing. However, this did not happen in this case.

Bankruptcy Rule 9007 provides that the Court shall designate the time within which, the entities to whom, and the form and manner in which notice shall be given. Considering that this was a contested matter with significant property rights at stake, due process requires that New Falls be given an adequate amount of time to file an objection to the Debtor's Motion to Avoid Lien.

This Court does not generally set aside Orders where a party has not diligently pursued or protected its rights.  This case is not such a case.  The Debtor did not move to avoid the lien until four years after the case was closed.  New Falls was not served with the objection deadline by the Clerk's office, the Court failed to follow customary procedure and the creditor timely moved to reopen the case within ten (10) days after the Court granted the Motion to Avoid the Lien.  Under these circumstances, the Court must decide the matter based on the merits and ensure that all parties are afforded fundamental due process with respect to the Debtor's Motion to Avoid New Falls' Judicial Lien.  Therefore, the Court will set aside the Order avoiding New Falls' lien and schedule a hearing regarding the creditor's opposition to the Debtor's Motion to Avoid the Lien so the matter can be decided on its merits.

## **CONCLUSION**

For all of the above reasons, the Court will **GRANT** the Motion of New Falls to amend the Order granting the Debtor's Motion to Avoid its Judicial Lien and set the matter for hearing on the creditor's opposition to the Debtor's Motion to Avoid its Judicial Lien.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE: )
)
    EUGENE A. SHY ) CASE NO. 14-11216(1)(7)
)
                 Debtor )

### ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion of Creditor New Falls Corporation to Amend the Order granting the Debtor's Motion to Avoid its Judicial Lien, be and hereby is, set aside and vacated.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this matter is set for a hearing on March 3, 2020 at 1:30 p.m. EST time for oral arguments on the Debtor's Motion to Avoid the Judicial Lien of New Falls Corporation and the opposition to the Debtor's Motion by New Falls Corporation.

So Ordered this 19th day of February, 2020.