UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE: )
             )
    EUGENE A. SHY )    CASE NO. 14-11216(1)(7)
             )
             Debtor )

## MEMORANDUM-OPINION

This matter is before the Court on the Motion to Avoid Lien of Creditor, New Falls Corporation ("New Falls") filed by Debtor, Eugene A. Shy ("Debtor"). The Court considered the Debtor's Motion, the Objection filed by New Falls, as well as the filings by the parties related to New Falls' Motion to Amend the Court's Order Granting the Motion to Avoid Lien. Although originally scheduled for an evidentiary hearing, the parties agreed to have the matter submitted to the Court for decision based on the parties' written filings on the matter. For the following reasons, the Court will **DENY** the Debtor's Motion to Avoid the Lien of New Falls Corporation.

## PROCEDURAL AND FACTUAL BACKGROUND

On November 24, 2014, Debtor filed his Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code.

On March 11, 2015, Debtor received his Order of Discharge.

On September 2, 2015, following submission of the Trustee's Report of No Distribution, the case was closed.

On June 27, 2019, Debtor moved to reopen the case for the limited purpose of avoiding a certain judicial lien of New Falls. Debtor claimed the lien impaired Debtor's interest in his

homestead. In Debtor's Motion to Reopen, Debtor stated, "Debtor's homestead, as is indicated in the Petition filed was subject to Federal Homestead Exemption." Debtor attached Proposed Amended Schedules "D" and "E", seeking to avoid lien under § 522(f)(1)(A) listing New Falls as an unsecured creditor with a lien in the amount of $32,000.

On June 28, 2019, the Court entered an Order reopening the case so Debtor could file a Motion to Avoid Lien.

On July 26, 2019, Debtor filed his Motion to Avoid Lien of New Falls regarding real estate but failed to include a description of the real property upon which he wanted to avoid New Falls' lien. Debtor's Motion claimed New Falls' lien impaired his exemption of $5,000.

On August 5, 2019, Debtor filed a new Order containing a description of the real property.

On August 12, 2019, no objections having been filed, the Court entered an Order Granting the Motion to Avoid New Falls' lien.

On August 22, 2019, New Falls filed a Motion to Reopen the Case, contending it did not have adequate notice of the Motion to Avoid the Lien and indicating it had a meritorious defense to the Motion to Avoid the Lien. Following extensive briefing on the adequacy of notice of the Motion and a hearing on the matter, the Court entered an Order vacating the Order of August 12, 2019, granting the Motion to Avoid Lien. *See*, Memorandum-Opinion, DKT 40.

The parties were given the opportunity to file briefs regarding Debtor's Motion to Avoid Lien and the matter is now ripe for decision.

## **LEGAL ANALYSIS**

The lien Debtor seeks to avoid is a judgment lien obtained by New Falls against Debtor that arose out of Debtor's default of a Purchase Contract for a vehicle. The amount of the judgment lien is $11,593.

The judgment lien was filed of record in the Warren County Clerk's Office. The lien attached to real property owned by Debtor located at 2444 Mohawk Drive, Bowling Green, Kentucky 43104. Debtor owns a one-half undivided interest in the real property with his wife. The Deed to the property establishes that the Debtor and his wife own the property with rights of survivorship.

In Schedule A to Debtor's Petition, Debtor stated the value of the property was $94,000. On Schedule C, Property Claimed as Exempt, Debtor claimed a $5,000 exemption in the property pursuant to KRS 427.060.

In the Motion to Avoid the Lien, although Debtor states the property is valued at $94,000, the purchase price was listed as $97,400. The property has an outstanding first mortgage of $76,176 and a second mortgage of $10,453. The PVA value of the property was listed in the Motion as $125,000.

Debtor contends that because he owns an undivided one-half interest in the property, the property should be valued for lien avoidance purposes as one-half the value of the property. However, it is clear from the Deed that the property is held by Debtor and his wife by joint tenancy with rights of survivorship. As such, the Bankruptcy Court must consider the full value of the property when determining whether an exemption is encumbered for lien avoidance purposes. *See In re VanWinkle*, 2017 WL 4457413 (Bankr. E.D. Ky.); *In re Brinley*, 403 F.3d 415, 420 (6th Cir.

2005) ("A debtor who owns property as tenant by the entirety with his non-filing spouse is charged with the full value of the property because of the nature of his ownership.").

Furthermore, the burden of proof on all of the elements of the lien avoidance analysis under 11 U.S.C. § 522(f) is on the Debtor. *In re Pace,* 569 B.R. 264, 269 (B.A.P. 6th Cir. 2017). While Debtor claimed in some of his briefs that the property was valued at $94,000 and that the PVA value was $125,000, the Debtor offered no proof regarding any of the values. The Court will therefore set the value at $125,000, the amount set by the PVA.

The calculation to determine whether avoidance is appropriate can be succinctly stated. If the value of all secured liens on the property plus the debtor's claimed exemption exceed the value of the property, the debtor's motion is sustained, in whole or in part depending upon the remaining equity. Conversely, if the value of all liens plus the exemption are less than the value of the property, the motion is denied. This is the case at bar as the stipulated values of the liens are established. The result is that the Debtor's Motion to Avoid the Lien must be denied.

In briefs submitted to the Court subsequent to Debtor's original Motion to Avoid the Lien, Debtor claimed that the exemption amount he is claiming is $21,625, the federal homestead exemption available in 2014. The Debtor is correct that the homestead exemption amount in effect on the date of the Petition date determines Debtor's lien avoidance rights. *In re Depascale*, 496 B.R. 860 (Bankr. N. D. Ohio 2013). However, Debtor did not claim the federal exemption in his Motion to Avoid Lien but rather relied upon the Kentucky homestead exemption of $5,000 set forth in KRS 427.060. His Schedules to his Petition establish that Debtor claimed the state exemption. Neither the Schedules, nor the Motion to Avoid the Lien were ever amended to claim any amounts other than the $5,000 state homestead exemption. Thus, Debtor is judicially estopped by his pleadings to claim entitlement to another exemption that was not plead promptly and before the issue

was joined once the case was reopened. Accordingly, the judgment lien of New Falls Corporation does not impair the Debtor's exemption. For this reasons, the Motion to Avoid the Lien of New Falls must be denied.

## **CONCLUSION**

For all of the above reasons, the Motion of Debtor Eugene A. Shy to avoid the judgment lien of New Falls Corporation is **DENIED**. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: July 23, 2020

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| EUGENE A. SHY | ) | CASE NO. 14-11216(1)(7) |
| | ) | |
| Debtor | ) | |

### ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion of Debtor Eugene A. Shy to avoid the lien of New Falls Corporation, be and hereby is, **DENIED**.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: July 23, 2020